# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DISTRICT OF COLUMBIA WATER
AND SEWER AUTHORITY,

    *Plaintiff*,

    v.

SAMAHA ASSOCIATES, PC, *et al.*,

    *Defendants*.

Case No. 23-cv-1328-ABA

## MEMORANDUM OPINION

Plaintiff District of Columbia Water and Sewer Authority ("DC Water") has sued Defendants Samaha Associates, PC, ADTEK Engineers, Inc. and ECS Mid-Atlantic, LLC for negligence and breach of contract in connection with an environmental site assessment. Defendants Samaha and ADTEK have moved for summary judgment, contending that a Certificate of Qualified Expert ("CQE") that DC Water filed with its initial complaint did not comply with the Maryland statute that requires CQEs for claims against licensed professionals based on allegations of negligence in rendering professional services. Because the U.S. Supreme Court has recently held that statutes like Maryland's CQE statute do not apply to cases in federal court, the motion for summary judgment will be denied.

## I.    BACKGROUND

DC Water initiated this lawsuit on May 19, 2023. ECF Nos. 1 & 30. Its claims arise out of a contract it entered into with Samaha "to provide architecture and engineering related services in support of the implementation of DC Water's master facilities plan and other facilities projects," including to perform or obtain a Phase I Environmental Site Assessment ("ESA") of a property that DC Water was considering

acquiring. ECF No. 30 ¶¶ 12, 14. DC Water alleges that Samaha "contracted the Phase I ESA duty out to ADTEK, who in turn contracted it out to ECS." *Id.* ¶ 15. DC Water alleges that it purchased the property in 2015 in reliance on the Phase I ESA report, but, after it began construction in 2020, it discovered various environmental concerns that were not disclosed in the report. *Id.* ¶¶ 21, 23–25. In its initial complaint, DC Water included a CQE by Christina Lewis, PG, a professional geologist and environmental engineer, which stated that "ECS failed to meet the applicable standard of care for a professional environmental engineering firm." ECF No. 1-2 ¶¶ 1–3.

After a series of crossclaims, motions, and orders, DC Water's negligence and breach of contract claims are now solely against Samaha; Samaha has asserted a contingent claim against ADTEK; and ADTEK has asserted a contingent claim against ECS. ECF No. 78-1 ¶ 13; *see* ECF Nos. 57, 58, 59, & 60. On April 29, 2024, the Court entered a scheduling order, allowing discovery to begin. ECF No. 63; *see* Local Rule 104.4. On July 2, 2025, Defendants Samaha and ADTEK ("Movant Defendants") filed a motion for summary judgment, contending that DC Water's CQE failed to comply with the requirements of the Maryland CQE statute and was otherwise insufficient to support DC Water's claims against Samaha. ECF No. 78-1 at 5 (citing Md. Code Ann., Cts. & Jud. Proc. § 3-2C-01, *et seq.*). Specifically, Movant Defendants contend that the CQE that was filed with the initial complaint was deficient because (1) it identified only ECS as the entity that failed to meet professional standards and DC Water's claims against ECS have since been dismissed and (2) the CQE was not issued by a licensed professional in the same discipline as Samaha. *Id.* at 5, 7, 9.

After the motion was fully briefed, the Court scheduled a hearing on the motion. ECF No. 89. Prior to the hearing, the Supreme Court issued its decision in *Berk v. Choy*,

holding that Delaware's statutory requirement that "[a] medical malpractice suit cannot proceed 'unless the complaint is accompanied by . . . [a]n affidavit of merit'" was in conflict with Federal Rule of Civil Procedure 8 and therefore did not apply in federal court. 607 U.S. --, 146 S. Ct. 546, 554, 557 (2026) (citing 18 Del. Code Ann. § 6853(a)(1)). This Court cancelled the hearing and ordered the parties to address the impact of *Berk* on Movant Defendants' motion. ECF No. 93. Upon consideration of the parties' briefs, responses to the show cause order, and for the following reasons, the Court will deny Movant Defendants' motion for summary judgment.

## II.    DISCUSSION

### A.    The Maryland CQE Statute

Under Maryland law, a civil action filed against a licensed professional based on an "alleged negligent act or omission in rendering professional services, within the scope of the professional's license, permit, or certificate, for others" "shall be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the court" within ninety days of the filing of the complaint. Md. Code Ann, Cts. & Jud. Proc. §§ 3-2C-01(b) & 3-2C-02(a)(1), (2)(ii). The CQE requirement applies to any complaint "based on negligence of a licensed professional," including breach of contract claims based on negligent acts or omissions. *Heavenly Days Crematorium, LLC v. Harris, Smariga & Assocs., Inc.*, 433 Md. 558, 573, 576 n.20 (2013). The requirement can be waived, modified, or extended by a court so long as a request is submitted before the expiration of the ninety-day deadline. Md. Code Ann, Cts. & Jud. Proc. § 3-2C-02(c)(1); *Heavenly Days*, 433 Md. at 579. "[T]he purpose of the Certificate is to eliminate frivolous claims for substantive reasons." *Barber v. Cath. Health Initiatives, Inc.*, 180 Md. App. 409, 435 (2008) (quoting *Barber v. Cath. Health Initiatives, Inc.*, 174 Md.

3

App. 314, 353 (2007)) (internal quotations omitted). "[I]t was never meant to extinguish potentially substantive claims for frivolous reasons." *Id.*

   **B.**   ***Berk v. Choy* applies and therefore the Maryland CQE requirement is inapplicable in federal court**

When parties to a lawsuit are domiciled in different States and the amount in controversy exceeds $75,000, a plaintiff may choose to sue in federal court for state-law claims. 28 U.S.C. § 1332 (defining "diversity jurisdiction"). When a federal court has diversity jurisdiction, "[t]he Rules of Decision Act directs federal courts to apply state substantive law, leaving federal law to cover the rest." *Berk*, 146 S. Ct. at 552 (citing 28 U.S.C. § 1652). Determining whether a law is procedural or substantive generally requires application of the *Erie* doctrine. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). "Yet when a Federal Rule of Civil Procedure is on point, a federal court bypasses *Erie*'s inquiry altogether." *Berk*, 146 S. Ct. at 552. Instead, "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test." *Id.* (citing *Hanna v. Plumer*, 380 U.S. 460, 469–74 (1965)). To determine whether a Federal Rule displaces a state law requires the court to "first ask whether the Federal Rule 'answers the question in dispute,'" and second, "[i]f a Federal Rule answers the disputed question, it governs, unless it 'exceeds statutory authorization or Congress's rulemaking power.'" *Id.* at 552–53 (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010)).

In *Berk*, "the disputed question [wa]s whether [the plaintiff]'s lawsuit may be dismissed because his complaint was not accompanied by an expert affidavit" as

required by the Delaware statute but not required by Federal Rule 8. *Id.* at 553.[1] Under Delaware law, "[n]o health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by[] [a]n affidavit of merit as to each defendant signed by an expert witness . . . stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant." 18 Del. Code Ann. § 6853(a). The Delaware statute permits a plaintiff to file a motion for extension of time, and the court may, for good cause, grant a single sixty-day extension. *Id.* § 6853(a)(2). "If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit . . . has not been filed with the court, then the . . . clerk of the court shall refuse to file the complaint and it shall not be docketed with the court." *Id.* § 6853(a)(1).

In *Berk*, the Supreme Court held that § 6853 was displaced by Federal Rule 8 and therefore did not apply to cases in federal court. *Berk*, 146 S. Ct. at 556–57. "By requiring no more than a statement of the claim, Rule 8 establishes 'implicitly, but with unmistakable clarity,' that evidence of the claim is *not* required." *Id.* at 553 (quoting *Hanna*, 380 U.S. at 470; citing *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 7–8 (1987)) (internal citations omitted) (emphasis in original). This was reinforced by Federal Rule 12 because, in evaluating motions pursuant to Rule 12(b)(6)—the only ground for dismissal based on the merits of the claim—courts are not to consider "matters outside

---

[1] The *Berk* majority notes that it framed the question differently than the concurrence did; the concurrence focused first on the fact that the plaintiff's claim should not have been filed and docketed based on the language of the Delaware statute. 146 S. Ct. at 553 n.1. The majority stated that focusing on the dismissal question "cut[s] to the chase" in light of the actual posture of the case as having been filed and docketed and the fact that no one argued that the court violated the statute by docketing the complaint. *Id.*

the pleadings." *Id.*; *see also* Fed. R. Civ. P. 12(d). Further, "Rule 8 'really regulates procedure,'" and thus it governs regardless of "whether *the displaced state law* is substantive." *Berk*, 146 S. Ct. at 556–57 (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)) (emphasis in original). Because the Delaware affidavit requirement demands more than Rule 8 does for a complaint to proceed, it is at odds with the Federal Rules and thus is displaced by Rule 8. *Id.* at 554, 557.

Since the Supreme Court issued the *Berk* decision, district courts in two states have issued rulings that similar affidavit/certificate provisions are no longer applicable in federal courts: Pennsylvania and Arizona.

Under Pennsylvania law, a plaintiff alleging that a licensed professional deviated from an acceptable professional standard must file a "certificate of merit" as to each defendant either with the complaint or within sixty days of filing the complaint. Pa. R. Civ. P. 1042.3(a), (b)(1). A court may, for good cause, extend the deadline for up to sixty days so long as the motion is filed either within thirty days of the defendant filing a notice of judgment on that basis or before expiration of any extended time previously granted. Pa. R. Civ. P. 1042.3(d). A district court in the Middle District of Pennsylvania held that the certificate of merit rule no longer applied in federal court as, "[j]ust like the Delaware law at issue in *Berk*, Rule 1042.3 requires a plaintiff in a malpractice or professional negligence claim to file a certificate of merit." *Allen v. Voorstad*, Case No. 25-cv-106, 2026 WL 184276, at *3 (M.D. Pa. Jan. 23, 2026) (citing Pa. R. Civ. P. 1042.3; *Berk*, 146 S. Ct. at 546). "By requiring the plaintiff to provide more than a short and plain statement of her claim," the court held, "the law conflicts with Federal Rule of Civil Procedure 8." *Id.* (citing *Berk*, 146 S. Ct. at 554). Another judge in the same district applied that same reasoning even where the plaintiff had not filed a brief in response to

the motion to dismiss and therefore had not raised the displacement issue, holding that, despite this, "the Court must deny the motion." *Aycock v. Malhi*, Case No. 24-cv-2126, 2026 WL 312724, at *5–6 (M.D. Pa. Feb. 5, 2026).

Under Arizona law, in a civil case that includes a cause of action "in a complaint, answer, cross-claim, counterclaim or third party complaint" "based on the licensed professional's alleged breach of contract, negligence, misconduct, errors or omissions in rendering professional services," the claimant must include, in its initial disclosures, a preliminary expert opinion affidavit. Ariz. Rev. Stat. Ann. §§ 12-2601(1) & 12-2602(A)–(B). A court may extend the time to comply with this requirement if good cause is shown or by stipulation of the parties, and the court must dismiss a claim without prejudice where the claimant has failed to file the affidavit. *Id.* § 12-2602(C), (F). A district court in the District of Arizona has held that, because Rule 8 applies to affirmative defenses in answers to the complaint, it displaced Arizona's affidavit requirement and thus denied the motion to strike the answer for failure to attach an affidavit. *Ramirez v. Bohm*, Case No. 25-cv-1660-PHX-KML, 2026 WL 171740, at *2–3 (D. Ariz. Jan. 22, 2026).

Here, Movant Defendants have moved for summary judgment because, they argue, the CQE that DC Water filed fails to comply with the Maryland CQE statute. This requires this Court to decide whether, under *Berk*, Federal Rule 8 displaces the Maryland CQE statute just as the Supreme Court held that Rule 8 displaces the Delaware "affidavit of merit" statute.

Movant Defendants, whose motion for summary judgment is premised on the applicability of the Maryland CQE statute in federal court, argue that *Berk v. Choy* is inapplicable for three reasons:

First, they argue that "Maryland's certificate statute is a standalone requirement with a 90-day deadline" rather than a pleading standard like in Delaware. ECF No. 95 at 3–4. In other words, they argue that the Maryland statute "does not purport to dictate what a complaint must contain in order to state a claim for which relief may be granted" but instead "provides an independent remedy to licensed professionals with its own prescribed procedure about which the Federal Rules are silent" and thus creates a substantive right rather than a procedural barrier for initiating a lawsuit. *Id.*

Second, they argue the Maryland statute "does not dictate procedures for its enforcement" and thus does not conflict with the Federal Rules. *Id.* at 5. They note that unlike the Delaware statute, which provides that a clerk of court should not file or docket a complaint that is not accompanied by an affidavit or motion to extend the deadline to file the affidavit, the Maryland statute "provides licensed professionals a remedy without prescribing when or how that remedy may be enforced." *Id.* Movant Defendants contend that because the Maryland statute provides for a ninety-day deadline that can be further extended, the deadline is "wholly unconnected with the pleading system established by the Federal Rules." *Id.*

Third, they argue that the Court should not consider *Berk* to apply here because DC Water failed to argue in its opposition brief that the Federal Rules displaced the Maryland CQE statute and it also attempted to comply with the requirement by submitting a CQE with its complaint. ECF No. 97-1 at 4.

DC Water argues that *Berk* does apply and compels the denial of the motion because (1) the fact that the Delaware statute required the affidavit to be filed with the complaint compared to the Maryland statute requiring that the CQE be filed either with the complaint or within ninety days is "a distinction without a difference" as they both

require an expert affidavit or certificate at the pleading stage; (2) Movant Defendants' prior position that the CQE requirement is a "condition precedent" to a claim proceeding conflicts with their current position that the requirement is "wholly unconnected" from the pleading stage; (3) Movant Defendants' argument that the Maryland statute is substantive rather than procedural was directly addressed in *Berk*, which is binding on this Court; (4) the Pennsylvania cases since *Berk* are instructive; and (5) this Court was permitted to raise the *Berk* case *sua sponte* when deciding the motion for summary judgment. ECF No. 96.

To first address Defendants' concern about the Court *sua sponte* requesting that the parties file supplemental briefing regarding the applicability of *Berk*, courts "have routinely allowed—and even requested—supplemental briefing on new arguments or claims when an intervening court decision upends precedent relevant to a[ case]." *United States v. White*, 836 F.3d 437, 443 (4th Cir. 2016), *abrogated on other grounds by United States v. Stitt*, 586 U.S. 27 (2018) (citations omitted); *see Joseph v. United States*, 574 U.S. 1038, 1039 (2014) (Kagan, J., respecting the denial of cert.). With *Berk* constituting new binding precedent, this Court has the authority to request supplemental briefing on its applicability to the Movant Defendants' pending motion.

Further, DC Water did not forfeit this argument by not raising it in its initial opposition brief and by initially attempting to comply with the requirement by filing a CQE with the complaint. The fact that DC Water did not raise in its opposition an argument not yet available to it "on the off chance that [a new] decision will make [it] suddenly viable" does not preclude DC Water from making the argument now given the intervening decision. *Joseph*, 574 U.S. at 1040. Indeed, the plaintiff in *Berk* also initially attempted to comply with the affidavit requirement by first filing a motion for extension

of time to file the affidavit and then filing his medical records in lieu of an affidavit when he could not find a doctor willing to provide one. *Berk*, 146 S. Ct. at 552. Therefore, Movant Defendants' argument that DC Water waived or forfeited an argument based on *Berk* by not raising it earlier is without merit under these circumstances. ECF No. 97-1 at 4; ECF No. 95 at 3 n.1.

Turning now to the substantive question at hand, *Berk* is directly applicable to the Maryland CQE statute and thus compels the Court to deny Movant Defendants' motion for summary judgment.

First, although the Delaware statute in *Berk* required that the clerk of the court not file or docket a complaint without the affidavit whereas the Maryland statute requires a court to dismiss a complaint already filed if a CQE is not filed by the deadline, this Court is faced with the essentially same question that the Supreme Court addressed in *Berk*: "whether [DC Water]'s lawsuit may be dismissed because [its] complaint was not accompanied by [a fully compliant] expert affidavit." *Berk*, 146 S. Ct. at 553. In determining the answer to this question, the Supreme Court noted that even though the affidavit could be filed later in "a document separate from the 'pleading,'" Rule 8 still "excludes the possibility of requiring even more information on the same topic—whether in the 'pleading' itself or on a separate sheet of paper attached to it." *Id.* at 554 (citing *Jones v. Bock*, 549 U.S. 199, 205, 212–17 (2007)).

Second, contrary to Movant Defendants' contention, the Maryland statute does dictate the procedure for its enforcement by stating the "claim shall be dismissed, without prejudice, if the claimant fails to file a certificate of a qualified expert with the court." Md. Code Ann, Cts. & Jud. Proc. § 3-2C-02(a)(1); ECF No. 95 at 5. The fact that the Maryland statute provides for a form of enforcement (dismissal) that is different

from the form of enforcement set forth in the Delaware statute (not docketing the complaint) does not in itself make *Berk* inapplicable to this case.

Third, the fact that the Maryland statute allows courts to waive or extend the deadline for a CQE also does not change the analysis. While the Delaware statute only allowed for one sixty-day extension, neither the Pennsylvania nor Arizona statutes placed a limit on the number of extensions the court could grant for the filing of the certificate (although the Pennsylvania statute stated that each extension could not be for more than sixty days) and yet federal courts in both states have concluded that *Berk* applies to preclude the application of those states' statutes in federal court. *See* 18 Del. Code Ann. § 6853(a)(2); Pa. R. Civ. P. 1042.3(d); *Allen*, 2026 WL 184276, at *3; Ariz. Rev. Stat. Ann. § 12-2602(C), (F); *Ramirez*, 2026 WL 171740, at *2–3. The same outcome applies to the Maryland statute.

Finally, "a valid Rule of Civil Procedure displaces contrary state law even if the state law would qualify as substantive under *Erie*'s test." *Berk*, 146 S. Ct. at 552 (citing *Hanna*, 380 U.S. at 469–74). Therefore, whether the Maryland statute is substantive or procedural is irrelevant to the analysis. The Maryland statute required plaintiffs to file evidence along with their complaint or within ninety days, which is more than what is required under Rule 8. As Rule 8 is valid under the Rules Enabling Act, it governs and

11

displaces the Maryland CQE requirement in federal court. Therefore, Movant

Defendants' motion for summary judgment will be denied.[2]

### III.   CONCLUSION

For these reasons, Defendants Samaha and ADTEK's motion for summary

judgment will be denied. A separate order follows.

Date:  March 9, 2026

_____/s/_____
Adam B. Abelson
United States District Judge

---

[2] Because *Berk* requires denial of the motion, the Court need not and does not decide whether, if DC Water were required to comply with Maryland's CQE requirement, the CQE that it filed would be adequate or inadequate for DC Water's claims against Samaha to proceed. The Court notes, however, that the Maryland courts have emphasized that the purpose of this and similar CQE requirements is to "help[] weed out non-meritorious claims," *Lewis v. Waletzky,* 422 Md. 647, 665 (2011) (citations omitted), not to "uphold the draconian sanction of a dismissal, tantamount here to a dismissal with prejudice, when the spirit, if not the letter, of the statute was satisfied," *Barber,* 180 Md. App. at 435 (quoting *Barber,* 174 Md. App. at 353) (internal quotations omitted).