**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY, <br><br>     *Plaintiff*, <br><br>     v. <br><br> SAMAHA ASSOCIATES, PC, *et al.*, <br><br>     *Defendants*. | Case No. 23-cv-1328-ABA |

**MEMORANDUM OPINION AND ORDER**

This case arises from an environmental site assessment conducted by Defendant ECS Mid-Atlantic, LLC for Plaintiff District of Columbia Water and Sewer Authority ("D.C. Water"). ECF No. 30 ¶ 16. ECS had been hired by Defendant ADTEK Engineers, Inc., who in turn had been contracted by Defendant Samaha Associates, PC, who in turn had been contracted by D.C. Water "to provide architecture and engineering related services in support of the implementation of DC Water's master facilities plan and other facilities projects." ECF No. 30 ¶¶ 12–15.

All Defendants have filed answers, and discovery is ongoing. ECF Nos. 36, 47, 62, 63, 91, 101, 103. Meanwhile, two of the defendants, Samaha and ADTEK (the "Movant Defendants"), filed a motion for summary judgment based on "Plaintiff's failure to file the requisite Certificate of Qualified Expert ('CQE') within the mandatory 90-day deadline pursuant to § 3-2C-02(a)(1) of the Courts and Judicial Proceedings article of the Maryland Code." ECF No. 78-1 at 1. Specifically, Movant Defendants argued that although D.C. Water did file a CQE, and did so prior to the deadline, the CQE it filed did

not satisfy the Maryland statute because it "was executed by a licensed Professional Geologist and Environmental Engineer and not by a licensed architect." *Id*. at 8.

The U.S. Supreme Court held earlier this year that a Delaware statute similar to Maryland's CQE statute—specifically, a Delaware law requiring that any medical malpractice lawsuit be accompanied by an affidavit of merit by a medical professional—conflicted with Federal Rule of Civil Procedure 8 and therefore did not apply in federal court. *Berk v. Choy*, 607 U.S. 187, 194, 199 (2026). Based on *Berk*, this Court denied Movant Defendants' motion, concluding that Maryland's CQE requirement was inapplicable in federal court. *D.C. Water & Sewer Auth. v. Samaha Assocs., PC*, -- F. Supp. 3d --, 2026 WL 654130, at *2–5 (D. Md. Mar. 9, 2026) (hereinafter "*D.C. Water*"). Movant Defendants now request that the Court certify that question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). ECF No. 105; *see also* ECF No. 106 (response brief).

Under 28 U.S.C. § 1292(b), an order may be certified for interlocutory appeal if it "involve[s] 'a controlling question of law as to which there is substantial ground for difference of opinion,'" and if an immediate appeal "promise[s] to 'materially advance the ultimate termination of the litigation.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting 28 U.S.C. § 1292(b)). The Fourth Circuit "ha[s] cautioned 'that § 1292(b) should be used sparingly and thus that its requirements must be strictly construed.'" *Id*. (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)).

Movant Defendants argue that the Court's prior order involves a controlling question of law that this Court should certify for interlocutory appeal: whether Maryland's CQE statute conflicts with Rule 8. ECF No. 105 at 4–5. An order presents "a

pure question of law" where there is, for example, "an abstract legal issue that the court of appeals can decide quickly and cleanly." *Michaels*, 848 F.3d at 340 (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016)) (internal quotations omitted). Movant Defendants further argue that there is substantial ground for a difference of opinion (based on differences between Maryland's CQE statute at issue here and Delaware's affidavit statute at issue in *Berk*) and that interlocutory review will materially advance this litigation (because "[i]f the Order is vacated, the summary judgment motion may be dispositive[, and] [i]f the Order is affirmed, the parties will have that uncertainty resolved for purposes of settlement negotiation and/or trial"). ECF No. 105 at 5–6. D.C. Water contends that certification should be denied because (1) there is no "substantial ground for difference of opinion" on whether *Berk* requires concluding that Maryland's CQE statute conflicts with Rule 8, and (2) an immediate appeal would not "materially advance the ultimate termination of the litigation." ECF No. 106 at 2–5 (quoting 28 U.S.C. § 1292(b)).

### A.    Movants have not identified substantial ground for difference of opinion

To establish that there is "substantial ground for difference of opinion" on a "controlling question of law," a party seeking certification under § 1292(b) generally must show that the "'controlling law is unclear.'" *Int'l Refugee Assistance Project v. Trump*, 404 F. Supp. 3d 946, 950 (D. Md. 2019) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). That requirement can be satisfied where, for example, "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id.* (quoting *Couch*, 611 F.3d at

633). "'[D]istrict courts should not hesitate to certify an interlocutory appeal' under § 1292(b) when a decision 'involves *a new legal question* or *is of special consequence.*'" *In re Trump*, 928 F.3d 360, 369 (4th Cir. 2019) (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)) (emphasis in original). "However, the 'mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient.'" *Int'l Refugee Assistance Project*, 404 F. Supp. 3d at 950 (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)).

Here, Movant Defendants have not shown that, post-*Berk*, there is substantial ground for a difference of opinion that Maryland's CQE requirement is inapplicable in federal court. They have not identified any court that, post-*Berk*, has held that any statute remotely similar to Maryland's CQE statute—in requiring a certification of merit to advance past the pleadings stage—can provide grounds for dismissal of a complaint. To the contrary, D.C. Water has identified various courts that, even in the few months since *Berk*, have confirmed that analogous state statutes are superseded by Rule 8 and thus do not apply in federal court.

Even as of the time this Court denied Movant Defendants' motion for summary judgment, three federal courts had already ruled post-*Berk* that similar state statutes did not apply in federal court. *D.C. Water*, 2026 WL 654130, at *3 (citing *Allen v. Voorstad*, Case No. 25-cv-106, 2026 WL 184276, at *3 (M.D. Pa. Jan. 23, 2026); *Aycock v. Malhi*, Case No. 24-cv-2126, 2026 WL 312724, at *5–6 (M.D. Pa. Feb. 5, 2026); *Ramirez v. Bohm*, Case No. 25-cv-1660-PHX-KML, 2026 WL 171740, at *2–3 (D. Ariz. Jan. 22, 2026)). And D.C. Water adds to that list four additional courts that have also interpreted *Berk* in the same way as applied to other states' affidavit or certificate requirements. ECF No. 106 at 2–3 (citing *Denman v. MHM Corr. Servs.*, Case No. 23-

4

cv-01918, 2026 WL 833272, at *13–14 (M.D. Pa. Mar. 26, 2026) (denying a motion to dismiss a professional negligence claim based on a failure to file a certificate of merit based on *Berk*); *Redman v. Irwin*, Case No. 24-cv-00310-RAL, 2026 WL 693884, at *4 (W.D. Penn. Mar. 12, 2026) (denying a motion to dismiss medical malpractice claims based on a failure to file a certificate of merit based on *Berk*); *Sereda v. Nw. Mem'l Hosp.*, Case No. 24-cv-06665, 2026 WL 858754, at *1–2 (N.D. Ill. Mar. 27, 2026) (denying a motion for summary judgment filed prior to the close of discovery based on a failure to file an affidavit of merit based on *Berk*); *In re McGann*, Bankruptcy Case No. 20-18118, 2026 WL 770559, at *6–8 (Bankr. D. Colo. Mar. 18, 2026) (applying *Berk* to hold that Colorado's statute requiring a certificate of review to be filed within 60 days of service of the complaint conflicted with Rule 8 and therefore did not apply)).

Movant Defendants' main "substantial ground for difference of opinion" argument is that Maryland's CQE statute is sufficiently different from the Delaware law at issue in *Berk* that, even if Rule 8 supersedes the Delaware certification requirement in federal court, a plaintiff's failure to file a certificate of merit that complies with Maryland's CQE statute at the pleadings stage (specifically, within 90 days of the complaint) can still provide grounds for dismissing a complaint. ECF No. 105 at 5. But they have not shown how there are substantial grounds for a difference of opinion other than the fact that they disagree with the Court's analysis. The Court already rejected this argument when Movant Defendants made it in the prior briefing. *See D.C. Water*, 2026 WL 654130, at *4, 5.

Of course, Movant Defendants cannot be expected to point to a circuit split, for example, particularly so soon after *Berk* was decided. But on that front too, the only circuit to address the issue has twice vacated dismissals based solely on a failure to file a

certificate within 60 days of the complaint, as stated in Pennsylvania's statute, and instructed the district court to address the merits of the claim and application of *Berk*. *See DiFraia v. Ransom*, 171 F.4th 622, 633 (3d Cir. 2026); *Casey v. United States,* Case No. 23-1968, 2026 WL 822513, at *2 (3d Cir. Mar. 25, 2026).

In short, Movant Defendants do not point to any court that has come to a different conclusion even where the affidavit or certificate deadline was separate from the date of the actual filing of the complaint. Consequently, Movant Defendants have failed to show any "difference of opinion" by any other court and thus have not satisfied the requirement that there be a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). While the Court acknowledges that many cases against Maryland-licensed professionals may be affected by *Berk*, *see* ECF No. 105 at 3–4, that does not change the fact that *Berk* is controlling upon this Court. Without a showing of *substantial* grounds for differences of opinion, Movant Defendants have failed to show that their motion to dismiss based on the Maryland CQE statute presents a controlling question of law as to which there is substantial ground for difference of opinion.

### B.    Material advancement

The last requirement for § 1292(b) certification is that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Movant Defendants argue that interlocutory review will materially advance this litigation because "[i]f the Order is vacated, the summary judgment motion may be dispositive" and "[i]f the Order is affirmed, the parties will have that uncertainty resolved for purposes of settlement negotiation and/or trial." ECF No. 105 at 6. D.C. Water responds that an interlocutory appeal will not *materially* advance the litigation, particularly in light of the fact that this case has already been pending for over three

6

years, the amount of discovery that has already been conducted, the prior stay of discovery pending the motion for summary judgment, and the fact that a settlement conference has already been scheduled for August 2026. ECF No. 106 at 3–5.

This Court has serious doubts about whether, even if there were substantial ground for difference of opinion on whether *Berk* applies to Maryland's CQE statute, an interlocutory appeal would materially advance the ultimate termination of the litigation. On top of the reasons D.C. Water identifies, here Movant Defendants do not contend that D.C. Water entirely failed to file a CQE, but rather that the CQE that D.C. Water filed was deficient based on an alleged mismatch between the certifying expert's training (as a licensed Professional Geologist and Environmental Engineer) and the alleged negligence (which Samaha and ADTEK characterize as one that would require a certificate by "a licensed architect"). ECF No. 78-1 at 8. That renders the dispute here more fact-bound than a typical § 1292(b) situation. But this Court need not decide whether interlocutory appeal would materially advance the ultimate termination of the litigation because Movant Defendants' motion independently fails based on their failure to identify substantial ground for difference of opinion on the pertinent question, as discussed above.

*       *       *

For the aforementioned reasons, the Court hereby ORDERS that the Motion to Certify March 9, 2026 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), ECF No. 105, is DENIED.

Date:  June 2, 2026 

<u>      */s/*      </u><br>
Adam B. Abelson<br>
United States District Judge